1   MICHAEL R.W. HOUSTON,
    CITY ATTORNEY
2   GREGG M. AUDET (SBN 158682)
    E-mail: gaudet@anaheim.net
3   200 S. Anaheim Boulevard, Suite 356
    Anaheim, California 92805
4   Tel: (714) 765-5169 Fax: (714) 765-5123

5   Attorneys for Defendant City of Anaheim

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  Daniel Smith,                      | Case No.:    SACV15-1776 CJC (DFMx)

12          Plaintiff,                 | Assigned to:   Hon. Cormac J. Carney
                                       | Dept.:         9B
13      v.
                                       | PROTECTIVE ORDER RE
14  City of Anaheim, a muncipal entity,| CONFIDENTIAL INFORMATION
    and DOES 1 through 10, inclusive,
15                                     | Action Filed:  10/30/2015
            Defendant.                 | Trial Date:    06/20/2017
16

17

18          Based on the stipulation of plaintiff Daniel Smith ("Plaintiff"), and

19  defendant the City of Anaheim ("Defendant"), through their respective attorneys

20  of record, the Court hereby enters the following protective order:

21

22          1.    This Protective Order applies to and governs the use of law

23  enforcement investigative reports and records concerning the shooting of Daniel

24  Smith which are being produced to Plaintiff by Defendant.   This Order shall also

25  apply to and govern any other investigative or law enforcement reports or records

26  subsequently produced to Plaintiff by Defendant concerning the shooting of

27  Daniel Smith or its aftermath (hereinafter referred to as "Confidential

28  Information"), including but not limited to reports or memoranda prepared by the

1   Anaheim Police Department, the Orange County District Attorney's Office, or

2   the Orange County Sheriff's Department.  The term Confidential Information

3   shall mean and include the documents listed above, any and all portions thereof,

4   and all documents of whatever kind containing information set forth in or

5   obtained from these documents.

6

7       2.    Plaintiff's counsel shall use the Confidential Information solely for

8   the purposes of this litigation, and shall not disclose any portion of the

9   Confidential Information to any other person, firm or corporation except:

10      a.  Bona fide employees of counsel's law offices, and then only to

11      the extent necessary to enable said persons to assist in litigation

12      of this action;

13      b. Plaintiff, to the extent deemed necessary by counsel for the

14      prosecution of this litigation

15      c. Expert witnesses employed by the parties to this action;

16      d. Consultants retained by the parties to this action; or

17      e. The Court.

18

19      3.    All persons described in paragraph 2 (a) through (d) above shall not

20  disclose any portion of said Confidential Information and shall not use any

21  information obtained therefrom except in conformance with the Protective Order

22  and for purposes of this litigation.  Any party who discloses Confidential

23  Information to any person described in paragraph 2 (a) through (d) shall advise

24  such person that said matters constitute Confidential Information which may be

25  used only for the litigation of this action, and shall, prior to disclosure of the

26  Confidential Information, have such person execute a written Understanding and

27  Agreement to be bound by the parties' Stipulation for Protective Order in the

28  form attached thereto.

2

1
2
3
4
5
6

    4.   Any deposition testimony that encompasses or concerns Confidential Information shall be transcribed in a separate booklet that is marked on its cover "Confidential: Do Not Disclose Except By Court Order."  In addition, any documents containing Confidential Information that are submitted to the Court shall be filed or lodged in a sealed envelope marked "Confidential: Subject to Protective Order" in conformance with Local Rule 79-5.

7

8
9
10
11
12

    5.   The attorneys for Plaintiff are directed to retain all copies of documents, notes, or summaries containing Confidential Information in their custody, possession and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to any such Confidential Information.

13

14
15
16
17
18

    6.   Production of the Confidential Information protected by this Order shall not constitute a waiver of any privilege or confidentiality or privacy right. The parties retain the right to assert all substantive objections to the Confidential Information, including but not limited to relevancy, hearsay, privacy, privilege, and Rule 403 of the *Federal Rules of Evidence*.

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

3

1      7.    At the conclusion of this action, all documents containing

2  Confidential Information, all copies and extracts thereof, with the exception of

3  those documents affected by the attorney work-product doctrine or attorney-

4  client privilege, shall be returned to counsel for Defendant.  As to those

5  documents protected by the attorney work-product doctrine or attorney-client

6  privilege, Plaintiff and his counsel agree that any and all such documents shall

7  either be redacted and returned to Defendant's counsel or shall be destroyed.

8

9

10                           **ORDER**

11

12      **IT IS SO ORDERED.**

13

14  Dated:  April 26, 2016

15                       Hon. Douglas F. McCormick
                       United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27  116658

28