KRISTIN A. PELLETIER,
ACTING CITY ATTORNEY
GREGG M. AUDET (SBN 158682)
E-mail: gaudet@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendant City of Anaheim

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Smith,<br><br>      Plaintiff,<br><br>v.<br><br>City of Anaheim, a municipal entity, and DOES 1 through 10, inclusive,<br><br>      Defendant. | Case No.:  SACV15-1776 CJC (DFMx)<br><br>Assigned to:  Hon. Cormac J. Carney<br>Dept.:  9B<br><br>SECOND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION<br><br>Action Filed:  10/30/2015<br>Trial Date:  06/20/2017 |

Based on the stipulation of plaintiff Daniel Smith ("Plaintiff"), and defendant the City of Anaheim ("Defendant"), through their respective attorneys of record, the Court hereby enters the following protective order:

1. This Protective Order applies to and governs the use of: (A) Law enforcement investigative reports and records concerning Plaintiff's prior interactions with law enforcement, which may contain personal contact information of third party witnesses and alleged crime victims, including but not limited to reports or memoranda prepared by the Anaheim Police Department ("APD") or the Brea Police Department; (B) Law enforcement investigative reports and records concerning prior use of force by former Anaheim Police

1  Officer Bruce Linn (the "Officer") on occasions other than the shooting of Daniel
2  Smith, including but not limited to reports or memoranda prepared by the APD or
3  the Orange County District Attorney's Office; and (C) Confidential police officer
4  personnel and disciplinary materials maintained by the APD for the Officer. The
5  Officer's personnel file may contain information regarding any complaints
6  against the Officer, disciplinary charges, findings and actions, personal
7  background and contact information, all of which has been generated or collected
8  by the APD and thereafter maintained in confidence. Anaheim has invoked the
9  official information privilege with respect to the information contained in these
10 materials. The term "Confidential Information" shall mean and include the
11 documents described above, any and all portions thereof, and all documents of
12 whatever kind containing information set forth in or obtained from these
13 documents.

15   2.   Plaintiff's counsel shall use the Confidential Information solely for the
16 purposes of this litigation, and shall not disclose any portion of the Confidential
17 Information to any other person, firm or corporation except:
18     a. Bona fide employees of counsel's law offices, and then only to
19        the extent necessary to enable said persons to assist in litigation
20        of this action;
21     b. Plaintiff, to the extent deemed necessary by counsel for the
22        prosecution of this litigation
23     c. Expert witnesses employed by the parties to this action;
24     d. Consultants retained by the parties to this action; or
25     e. The Court.

27   3.   All persons described in paragraph 2 (a) through (d) above shall not
28 disclose any portion of said Confidential Information and shall not use any

1  information obtained therefrom except in conformance with the Protective Order
2  and for purposes of this litigation.  Any party who discloses Confidential
3  Information to any person described in paragraph 2 (a) through (d) shall advise
4  such person that said matters constitute Confidential Information which may be
5  used only for the litigation of this action, and shall, prior to disclosure of the
6  Confidential Information, have such person execute a written Understanding and
7  Agreement to be bound by the parties' Stipulation for Protective Order in the
8  form attached thereto.

10      4.   Any deposition testimony that encompasses or concerns Confidential
11  Information shall be transcribed in a separate booklet that is marked on its cover
12  "Confidential: Do Not Disclose Except By Court Order."  In addition, any
13  documents containing Confidential Information that are submitted to the Court
14  shall be filed or lodged in a sealed envelope marked "Confidential: Subject to
15  Protective Order" in conformance with Local Rule 79-5.

17      5.   The attorneys for Plaintiff are directed to retain all copies of
18  documents, notes, or summaries containing Confidential Information in their
19  custody, possession and control and to take the necessary precautions to prevent
20  persons not authorized as provided above from obtaining access to any such
21  Confidential Information.

23      6.   Production of the Confidential Information protected by this Order
24  shall not constitute a waiver of any privilege or confidentiality or privacy right.
25  The parties retain the right to assert all substantive objections to the Confidential
26  Information, including but not limited to relevancy, hearsay, privacy, privilege,
27  and Rule 403 of the *Federal Rules of Evidence*.
28

1     7. At the conclusion of this action, all documents containing Confidential Information, all copies and extracts thereof, with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege, shall be returned to counsel for Defendant. As to those documents protected by the attorney work-product doctrine or attorney-client privilege, Plaintiff and his counsel agree that any and all such documents shall either be redacted and returned to Defendant's counsel or shall be destroyed.

## ORDER

**It is so ORDERED.**

Dated: July 21, 2016

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

118042

4

Case No. SACV15-1776 CJC (DFMx)