**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

The
Cochran
Firm
California
4929 Wilshire Bl.
Suite 1010
(323)435-8205

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SMITH, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF ANAHEIM, a municipal entity, DETECTIVE BRUCE LINN, an individual, and DOES 1 through 10, inclusive,<br><br>        Defendants. | **CASE NO.: SACV15-1776 CJC (DFMx)**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1.   **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2.   **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>**<u>DEMAND FOR BENCH TRIAL</u>** |

**JURISDICTION AND VENUE**

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3.      At all times relevant to the acts and omissions herein alleged, Plaintiff DANIEL SMITH (hereinafter referred to as "Plaintiff" or "Plaintiff SMITH") was a resident of the County of Orange, State of California. Plaintiff is presently a resident of the County of Monterey, State of California.

4.      Defendant CITY OF ANAHEIM (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant DETECTIVE BRUCE LINN (hereinafter "DETECTIVE LINN") is, and at all relevant times mentioned herein was, a resident of the County of Orange and State of California. Further, at all times relevant to the acts and omissions herein alleged, DETECTIVE LINN was a detective employed by the Defendant CITY and the Anaheim Police Department, and was acting under color of law and in the course and scope of his employment with the Defendant CITY and the Anaheim Police Department.

6.      On or around May 24, 2010, numerous criminal charges relating to the incidents and events hereinafter set forth were filed against Plaintiff. Certain of those criminal charges were pending before a superior within the meaning of California Government Code § 945.3 until December 17, 2014, when Plaintiff was convicted of some of those charges.

7.      Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said

THE COCHRAN FIRM CALIFORNIA 4929 Wilshire Bl. Suite 1010 (323)435-8205

2

**THE
COCHRAN
FIRM
CALIFORNIA**
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8.    Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

9.    Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10.    This Complaint concerns an officer-involved shooting incident which occurred during the morning hours of Thursday, May 20, 2010, in or around the 25300 block of Rancho Niguel Road in the City of Laguna Niguel, County of Orange, and State of California. At approximately 10:00 a.m. on that date, Plaintiff SMITH was standing and/or walking and/or running in or around the 25300 block of Rancho Niguel Road when Defendant DETECTIVE LINN, while acting under color of law and in the course and scope of his employment with the Defendant CITY and the Anaheim Police Department, violently confronted Plaintiff.

///

11.     Without warning, Defendant DETECTIVE LINN proceeded to assault and batter Plaintiff SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of Plaintiff, inflicting gunshot wounds to Plaintiff's back and buttocks. Following the shooting, the involved officers denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to the involved shooting detective, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

12.     Both prior to and during the time in which he was shot, Plaintiff SMITH was not armed with any kind of weapon, and posed no reasonable threat of violence to Defendant DETECTIVE LINN, nor to any other officer or individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which DETECTIVE LINN shot Plaintiff, DETECTIVE LINN who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death, or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff DANIEL SMITH Against Defendant DETECTIVE BRUCE LINN for**

**Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

13.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

14.     This cause of action is brought by Plaintiff SMITH, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

15.   Plaintiff is informed, believes, and thereupon alleges, that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendant DETECTIVE LINN. The CITY provided its individual Defendant employees and agents, including DETECTIVE LINN, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Anaheim Police Department.

16.   Plaintiff is informed, believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, Defendant DETECTIVE LINN was employed by the Defendant CITY and the Anaheim Police Department, and was acting under color of law and in the course and scope of his employment with the CITY and the Anaheim Police Department.

17.   At approximately 10:00 a.m. on Thursday, May 20, 2010, Plaintiff SMITH was standing and/or walking and/or running in or around the 25300 block of Rancho Niguel Road when Defendant DETECTIVE LINN, while acting under color of law and in the course and scope of his employment with the Defendant CITY and the Anaheim Police Department, violently confronted Plaintiff.

18.   Without warning, Defendant DETECTIVE LINN proceeded to assault and batter Plaintiff SMITH by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearms at the person of Plaintiff, inflicting gunshot wounds to Plaintiff's back and buttocks. Following the shooting, the involved officers denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to the involved shooting officer, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

19.     Both prior to and during the time in which he was shot, Plaintiff SMITH was not armed with any kind of weapon, and posed no reasonable threat of violence to Defendant DETECTIVE LINN, nor to any other officer or individual. Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which DETECTIVE LINN shot Plaintiff, DETECTIVE LINN, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death, or serious bodily injury to any person.

20.     At all times mentioned herein, Defendant DETECTIVE LINN acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. DETECTIVE LINN deprived Plaintiff SMITH of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21.     Plaintiff SMITH had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant DETECTIVE LINN, which proximately caused severe injuries to Plaintiff, including, but not limited to, gunshot wounds to Plaintiff's back and buttocks, and permanent paralysis.

22.     Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant DETECTIVE LINN acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

1  purposefully with the intent to deprive Plaintiff of his federally protected rights and

2  privileges, and did in fact violate the aforementioned rights and privileges, thereby

3  warranting punitive and exemplary damages against DETECTIVE LINN in an amount to

4  be proven at the trial of this matter.

5      23.    As a direct and proximate result of the wrongful, intentional, and malicious

6  acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH was shot on May

7  20, 2010, and suffered severe and permanent injuries which include, but are not limited

8  to, gunshot wounds to his back and buttocks, and permanent paralysis.

9      24.    As a further direct and proximate result of the wrongful, intentional, and

10  malicious acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH was

11  placed in great fear for his life and physical well being, and has suffered and continues to

12  suffer extreme and severe mental anguish, as well as great mental and physical pain and

13  injury, all to his damage in a sum to be determined at trial.

14      25.    As a further proximate result of the wrongful, intentional, and malicious

15  acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH has been required

16  to employ, and did in fact employ, physicians and surgeons to examine, treat, and care

17  for him, and has incurred and will continue to incur expenses for emergent medical

18  services and medical treatment and care in an amount according to proof at trial.

19      26.    As a further proximate result of the wrongful, intentional, and malicious

20  acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH has suffered a

21  loss of earning capacity, and will lose wages and earnings in the future in an amount

22  according to proof at trial.

23      27.    Plaintiff SMITH is entitled to and hereby demands costs, attorneys' fees,

24  and expenses pursuant to 42 U.S.C. § 1988.

25  ///

26  ///

27  ///

28  ///

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

## FOR THE SECOND CAUSE OF ACTION

## (By Plaintiff DANIEL SMITH Against Defendant CITY OF ANAHEIM for

## Violations of Civil Rights [42 U.S.C. § 1983])

## (Based on Unconstitutional Policy, Practice or Custom)

28.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

29.   This cause of action is brought by Plaintiff SMITH, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

30.   Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including Defendant DETECTIVE LINN. The CITY provided its individual Defendant employees and agents, including DETECTIVE LINN, with official badges and identification cards which designated and described the bearers as employees of the CITY and the Anaheim Police Department.

31.   As set forth in the foregoing paragraphs of this Complaint, Defendant DETECTIVE LINN, while acting under color of law and in the course and scope of his employment with the Defendant CITY and the Anaheim Police Department, violated the Fourth Amendment rights of Plaintiff SMITH by acts which included, but were not limited to, unreasonably using deadly and excessive force against the person of Plaintiff. As described in this Complaint, the shooting of Plaintiff was an unconstitutional display of an unreasonable seizure, and of the unreasonable and excessive use of deadly force, which violated Plaintiff's Fourth Amendment right to be free from unreasonable governmental seizures of his person.

32.   Plaintiff is informed and believes, and thereupon alleges, that Defendant DETECTIVE LINN's shooting of Plaintiff, an unarmed man who posed no reasonable or

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

credible threat of violence to DETECTIVE LINN, nor to any other officer or person, demonstrated that DETECTIVE LINN's training was inadequate to allow him to handle the usual and recurring situations faced by Anaheim Police Department officers, as evidenced by the following specific actions and omissions of DETECTIVE LINN in his response to the subject incident:

a. The tactical standard of care for law enforcement agencies similarly situated to the Anaheim Police Department is for police officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which Defendant DETECTIVE LINN shot Plaintiff SMITH, he acted in flagrant contravention of this well established standard of care.

b. The tactical standard of care for law enforcement agencies similarly situated to the Anaheim Police Department is for police officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which Defendant DETECTIVE LINN shot Plaintiff SMITH, he acted in flagrant contravention of this well established standard of care.

c. The tactical standard of care for law enforcement agencies similarly situated to the Anaheim Police Department is for police officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential arrestee prior to using deadly force. Both prior to and during the time in which Defendant DETECTIVE LINN shot Plaintiff SMITH, he acted in

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

flagrant contravention of this well established standard of care.

33.     Plaintiff is informed and believes, and thereupon alleges, that prior to May 20, 2010, Defendant DETECTIVE LINN received training and instruction in police tactics and procedures from the Anaheim Police Department in ways which included, but were not limited to, his attendance at a police academy, his attendance at departmental briefings, his attendance at mandatory and voluntary training seminars, his attendance at roll call at his respective station(s) prior to his assigned shift(s), his receipt of departmental training manuals, his receipt of departmental training bulletins, and his receipt of additional departmental correspondence and electronic mails.

34.     Both prior to and on May 20, 2010, encounters with suspects and civilians, such as Plaintiff SMITH, were common among Anaheim Police Department officers similarly situated to Defendant DETECTIVE LINN, and such encounters were a recurring situation faced by Anaheim Police Department police officers similarly situated to DETECTIVE LINN.

35.     Plaintiff is informed and believes, and thereupon alleges, that those individuals responsible for training Defendant DETECTIVE LINN, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Anaheim Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to police officers similarly situated to DETECTIVE LINN would be that unarmed and nondangerous civilians, such as Plaintiff, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

36.     Plaintiff is informed and believes, and thereupon alleges, that notwithstanding the fact that the training personnel responsible for training Defendant

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

10

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

DETECTIVE LINN, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Anaheim Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to police officers similarly situated to DETECTIVE LINN would be that unarmed and nondangerous civilians, such as Plaintiff, would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

37.    Plaintiff is informed and believes, and thereupon alleges, that the failure of the Anaheim Police Department to provide adequate training to Defendant DETECTIVE LINN, as described in the foregoing paragraphs of this Complaint, caused Plaintiff to suffer Fourth Amendment violations resulting from the unreasonable use of deadly force, as previously described in this Complaint.

38.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH was shot on May 20, 2010, and suffered severe and permanent injuries which include, but are not limited to, gunshot wounds to his back and buttocks, and permanent paralysis.

39.    As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

40.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH has been required

to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and will continue to incur expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

41.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVE LINN, Plaintiff SMITH has suffered a loss of earning capacity, and will lose wages and earnings in the future in an amount according to proof at trial.

42.     Plaintiff SMITH is entitled to and hereby demands costs,  attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For general and special damages in an amount according to proof at trial;

2.     For medical and related expenses according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

5.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.     For such other and further relief as the Court deems just and proper.

DATED: July 25, 2016          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn _____
BRIAN T. DUNN
MEGAN R. GYONGYOS
Attorneys for Plaintiff, DANIEL SMITH

THE
COCHRAN
FIRM
CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205