KRISTIN A. PELLETIER,
ACTING CITY ATTORNEY
GREGG M. AUDET (SBN 158682)
E-mail: gaudet@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendant City of Anaheim

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Smith,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>City of Anaheim, a municipal entity, and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | Case No.:　SACV15-1776 CJC (DFMx)<br><br>Assigned to:　Hon. Cormac J. Carney<br>Dept.:　　　　9B<br><br>THIRD PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION<br><br>Action Filed:　10/30/2015<br>Trial Date:　　06/20/2017 |

　　　Based on the stipulation of plaintiff Daniel Smith ("Plaintiff"), defendant the City of Anaheim ("Defendant") and counsel for third party Custodian of Records for the Orange County Sheriff's Department ("OCSD"), the Court hereby enters the following protective order:

　　　1.　　This Protective Order applies to and governs the use of: OCSD's jail records for Plaintiff, including classification information and/or inmate jacket(s), for which the OCSD asserts the official information or other privilege and/or privacy rights. The term "Confidential Information" shall mean and include such documents, any and all portions thereof, and all documents of whatever kind containing information set forth in or obtained from these documents.

    2. Plaintiff's counsel shall use the Confidential Information solely for the purposes of this litigation, and shall not disclose any portion of the Confidential Information to any other person, firm or corporation except:

    a. Bona fide employees of counsel's law offices, and then only to the extent necessary to enable said persons to assist in litigation of this action;

    b. Plaintiff, to the extent deemed necessary by counsel for the prosecution of this litigation, but only to the extent that Plaintiff may be shown Confidential Materials provided by OCSD but under no circumstances shall Plaintiff be given copies or permitted to retain such Confidential Materials;

    c. Defendants, to the extent deemed necessary by counsel for the defense of this litigation;

    d. Expert witnesses employed by the parties to this action;

    e. Consultants retained by the parties to this action; or

    f. The Court.

    3. All persons described in paragraph 2 (a) through (e) above shall not disclose any portion of said Confidential Information and shall not use any information obtained therefrom except in conformance with the Protective Order and for purposes of this litigation. Any party who discloses Confidential Information to any person described in paragraph 2 (a) through (e) shall advise such person that said matters constitute Confidential Information which may be used only for the litigation of this action, and shall, prior to disclosure of the Confidential Information, have such person execute a written Understanding and Agreement to be bound by the parties' Stipulation for Protective Order in the form attached thereto.

    4. Any deposition testimony that encompasses or concerns Confidential Information shall be transcribed in a separate booklet that is marked on its cover "Confidential: Do Not Disclose Except By Court Order." In addition, any

documents containing Confidential Information that are submitted to the Court shall be filed or lodged in a sealed envelope marked "Confidential: Subject to Protective Order" in conformance with Local Rule 79-5.

5. The attorneys for Plaintiff are directed to retain all copies of documents, notes, or summaries containing Confidential Information in their custody, possession and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to any such Confidential Information.

6. Production of the Confidential Information protected by this Order shall not constitute a waiver of any privilege or confidentiality or privacy right. The parties retain the right to assert all substantive objections to the Confidential Information, including but not limited to relevancy, hearsay, privacy, privilege, and Rule 403 of the *Federal Rules of Evidence*.

7. At the conclusion of this action, all documents containing Confidential Information, all copies and extracts thereof, with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege, shall be returned to counsel for Defendant. As to those documents protected by the attorney work-product doctrine or attorney-client privilege, Plaintiff and his counsel agree that any and all such documents shall either be redacted and returned to Defendant's counsel or shall be destroyed.

**ORDER**

**It is so ORDERED.**

Dated: October 20, 2016

Hon. Douglas F. McCormick
United States Magistrate Judge

3

Case No. SACV15-1776 CJC (DFMx)